ORIGINAL

APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY

03-70784

PAUL D. BORMAN

MAGISTRATE JUDGE CARLSON

| United States District Court | Eastern District of Michigan | |
|---|---|---|
| Name: SAMUEL BAINS | Inmate Number: 134408 | Case Number (official use only) |
| Place of Incarceration: | COOPER STREET CORRECTIONAL FACILTY<br>3100 COOPER STREET<br>JACKSON, MI 49201 | |

| Name of Petitioner (Include the name under which you were incarcerated) (authorized person having custody over you) | Name of Respondent |
|---|---|
| SAMUEL BAINS | THOMAS<br>WARDIN , PHILLIPS R. |

vs.

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: **THIRD JUDICIAL CIRCUIT OF MICHIGAN ,610 FRANK MURPHY HALL OF JUSTICE 1441 ST ANTOINE**

2. Date of judgment of conviction: **2/22/97 GUILTY PLEA**

3. Length of Sentence: **#3 TO 15 YEARS**

4. Nature of offense involved (all counts): **RETAIL FRAUD AND FOURTH HABITUAL OFFENDER RETAIL M.C.L.A. 750360 C DOCKET 96-7813-01 ENHANCE WITH OR FROM DOC. 88-89719 FH JUDGE DAVID BREACK, NO JURISDICATION WITH ARRAIGNMENT SENTENCE 1 YEAR SUSPEND & 1 TO 15 4TH HABITUAL OFFENDER SAME DOCKET**

5. What was your plea? (check one)

   (a) Not guilty ☐

   (b) Guilty ☒

   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

   _____

   _____

RECEIVED
FEB 1 3 2003
CLERK'S OFFICE
U.S. DISTRICT COURT

6. If you pleaded not guilty, what kind of trial did you have? (check one)

   (a) Jury ☐

   (b) Judge only ☐

7. Did you testify at the trial?

   Yes ☐        No ☐

8. Did you appeal from the judgment of conviction?

   Yes ☒        No ☐

9.   If you did appeal, answer the following:

   (a)   Name of court: MICHIGAN COURT OF APPEALS

   (b)   Result: AFFIRMED CONVICTIONS

   (c)   Date of result and citation, if known: OCTOBER 28,1997

   (d)   Grounds raised: SAME , EXHAUSTED UNDER ROSE V LUNDY 102 S.CT.1198

   (e)   If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1)   Name of court: michigan SUPREME COURT   DocKet 68111 .

      (2)   Result: LEAVE TO APPEAL DENIED

      (3)   Date of result and citation, if known: MICH.CT. APP. MAY28,;1997.

      (4)   Grounds raised: SAME
         INEFFECTIVE ASSISTANCE OF COUNSEL , JURISDICATION ,ARRIGNMENT

   (f)   If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1)   Name of court:

      (2)   Result:

      (3)   Date of result and citation, if known:

      (4)   Grounds raised:

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐   No ☒

11.   If your answer to 10 was "yes", give the following information:

   (a)   (1)   Name of court:

      (2)   Nature of proceeding:

      (3)   Grounds raised:

      (4)   Did you receive an evidentiary hearing on your petition, application, or motion?
      Yes ☐   No ☐

   (b)   As to any second petition, application, or motion give the same information:

      (1)   Name of court: OAKLAND COUNTY CIRCUIT SIXTH JUDICIAL CIRCUIT

      (2)   Nature of proceeding: MCR 6.500 RELIEF FROM JUDGMENT
         DOUBLE JEOPARDY

(3)   Grounds raised: FRAUD ON THE COURT , LACK OF JURISDICATION FOR

I WAS SENTENCE TO RAP , WITHOUT THE ARRAIGNMENT ON 1-15 88-89719FH NEWLY

DISCOVERY OF EVIDENCE , JANURARY 10,2002 MICHIGAN SUPREME COURT  TRANC 8RIPT S

I WAS DENIED TRANSCRIPT ON WIT AND A YEAR LATER WAS MAIL FROM SUPREME COURT .

(4)   Did you receive an evidentiary hearing on your petition, application, or motion?
Yes ☐          No ☐

(c)   Did you appeal to the highest state court having jurisdiction the result of action taken on any

petition, application or motion?

(1)   First petition, etc. Yes ☐ No ☐
(2)   Second petition, etc.     Yes ☒ No ☐

(d)   If you did *not* appeal from the adverse action on any petition, application, or motion explain briefly

why you did not:   LATE APPEAL  , FOR REASON OF M.B.O.C NOT MAILING ,

FILE A COMPLAINT IN CASE NO: 00-2369 FILED FEB. 09 2001 SIXTH CIRCUIT .

RRAIGNED BY MAIL  ON HABITUAL FOURTH , AFTER 277 DAY SENTENCE AGAIN DOUBLE JEOPAR[

FORGED MY NAME TO WAIVER OF ARRAIGNMENT BY ATTORNEY OF RECORD . NEWLY DISCOVERY OF

EVIDENCE OF TRANSCRIPT OF WAIVER OF ARRAIGNMENT WITH HIS SIGNATURE .

12.   State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts*
supporting each ground. If necessary, you may attach pages stating additional grounds, and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court
remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in
this petition, you may be barred from presenting additional grounds at a later date.
For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus
proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise
any grounds which you may have other than those listed if you have exhausted your state court remedies with respect
to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you
base your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts.
The petition will be returned to you if you merely check (a) through (j) or any of these grounds:

(a)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with
understanding of the nature of the charge and the consequences of the plea.
(b)   Conviction obtained by the use of coerced confession.
(c)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)   Conviction obtained by a violation of the privilege against self-incrimination.
(f)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence
favorable to the defendant.
(g)   Conviction obtained by a violation of the protection against double jeopardy.
(h)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)   Denial of effective assistance of counsel.
(j)   Denial of right of appeal.

(A)   Ground one: NEVER  ARRAIGNED FOR  FRAUDENTLY SIGNING MY NAME ON A WAIVER

ARRAIGNMENT 277 DAY AFTER ARRESTED , BEYOND 21 DAYS FOR HABITUAL OFFENDER STATUE

Supporting FACTS (tell your story *briefly* without citing cases or law: FIRST FILE IN MAY 28,98

hen  ON WIT HABEAS CORPUS CIVIL NO98-40240-FL RESUBMITED IN CASE 99CV-74594-DT

DISTRICT ERROR , & FILE DESTROY IN FIRE , NEWLY DISCOVERY OF EVIDENCE IN TRANSCRPT

FROM THE OFFIC E SUPREME COURT ADMINSTRATION ON JANUARY 10,2002 that I WAS NOT UNDE

JURISDICTION OF THE COURT IN CASE 88-89719 AND 96-7013-01 FOR LACK OF ARRAIGNMENT

L =DAVID A BINKLEY FORGED MY NAME TO WAIVER OF ARRAIGNMENT MY MAIL 0437/93

OTION GRANT BY JUDGE PAUL LGADOLA 98-CV-40240_f1 on EXHAUSTED CLAIM UNDER ROSE .

Wo Compilling Raasin to dismiss Nowaczuk V. Windsw 299 F3d 69 (2002)

4.  At sentencing: BY ATTORNEY OF RECORD MELINDA CAMERON W SIX MILE OFFICE
HER PHONE NUMBER IS (313) 534 -8939 IN DOCKET 96-7813-01

5.  On appeal:    DANA D CARRON , DID OMITED THE ISSUE , EXCEPT I DID FILE
CONCERNING THE ATTORNEY CONFESS TO FRAUNTLY SIGNING MY SIGNATURE IN CASE 93 -
153743

6.  In any post-conviction proceeding: _____

_____

7.  On appeal from any adverse ruling in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☒      No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐      No ☒

1.  If yes, give name and location of court which imposed sentence to be served in the future:

_____

_____

2.  Give date and length of the above sentence:

_____

_____

3.  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐      No ☐

Wherefore, Movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (in any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_12 · 11 · 02_____
Date

_____
Signature of Movant

AO241 (Rev. 9-99)                                                          Page 6 of 6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SAMUEL BAINS ,
    PETITONER,

                                         CIVIL ACITON#_____

V



T. G. PHILLIP, WARDEN ,
_____/

             MOTION  FOR EVIDENTIARY HEARING , &
       [FRCP]RULE §26(g)(2)(A) A) (C) , AND 18§USC3006 .
       _____

       NOW COMES SAMUEL BAINS, PRO. SE . PURSUANT TO 28 U.S.C.§636(b)
UNDER 28 U.S.C. §2254 . THIERIN MOVE THIS HONORABLE COURT TO GRANT
HIM AN EVIDENTIARY HEARING , TO COMPEL DISCOVERY ,AND APPOINTMENT
OF ATTORNEY ON NEWLY DISCOVER OF EVIDENCE .DATE TO BE SET BY THE
COURT , RULE 6 FEDERAL RULES OF CIVIL PROCEDURE.


       1. THIS HONORABLE COURT HAS JURISDICTION OVER  THE INSTANT
MOTION  PURSUANT TO 28 U.S.C. §636(b) & RULE 60 (b)(A)
CLERICAL MISTAKES. DURING THE PENDENCY OF AN APPEAL (b)
MISTAKES ; INADVERTENCE ; EEXCUSABLE NEGLECT; NEWLY DIS-
COVERED EVIDENCE ; FRAUD , ON MOTION  AND UPON SUCH TERMS
RESENTATIVE FROM A FINAL  JUDGMENT , ORDER , OR PROCEEDING
FOR THE FOLLOWING REASONS:
1 OF 1 MISTAKE ,
2. NEWLY DISCOVERED  THE MOTION SHALL BE MADE WITHIN  A
REASONABLE TIME , AND FOR REASONS (1)(2)AND (3)NOT MORE
THAN ONE YEAR AFTER THE JUDGMENT , ORDER , OR PROCEEDING
WAS ENTERED OR A TAKEN .



UNITED STATES DISTRICT COURT  FOR  THE EASTERN
DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SAMUEL BAINS , PETITIONER.

V                                           CIVIL ACTION ---------------


T.G. PHILLIP , WARDEN
-------------------------

RULE F 26 PLAINNING FOR DISCOVERY  .
------------------------------------



(F) MEETING  OF PARTIES ; PLANNING FOR DISCOVERY . EXCEPT
IN ACTIONS EXEMPTED BY LOCAL RULE  OR WHEN OTHERWISE ORDERED
, THE PARTIES SHALL AS SOON AS PRACTICABLEAND IN ANY EVENT
AT LEAST 14 DAYS BEFORE SCHEDULING CONFERENCE IS HELD
OR  A SCHEDULING ORDER IS DUE  UNDER RULE 16 (B) MEET TO
DISCUSS THE NATURE AND BASIS OF THEIR CLAIMS AND DEFENSES
AND THE POSSIBILITES FOR A PROMPT SETTLEMENT OR RESOLUTION
OF THE CASE , TO MAKE  OR ARRANGE FOR THE DISCLOSURES REQUIRED
BY SUBDIVISION (A) (1) , AND TO DEVELOP A PROPOSED DISCOVERY
PLAN . THE PLAN SHALL INCLUDE & INDICATE THE  PARTIES "
VIEW S AND PROPOSALS CONCERINING:

(1) THE SUBJECT ON WHICH DISCOVERY MAY BE NEEDED , WHEN
DISCOVERY SHOULD BE COMPLETED, AND WHETHER DISCOVERY SHOULD
BE CONDUCTED IN PHASES OR BE LIMITED TO OR FUCUSED UPON
PARTICULAR ISSUE; under 16 (b)&(C)(4) ANY OTHER ORDERS
THAT SHOULD  BE ENTERED BY THE COURT UNDER SUBDIVISION
(C) OR UNDER  RULE 16 (b) & (C).



[ I DECLARE UNDER THE PENALTY OF PERJURY THE FOREGOING]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


SAMUEL BAINS , PLAINTIFF,


CIVIL ACTION#..........

V


DAVID BINKLEY, DEFENDNAT ,
------------------------------/

RUEL 26 , GENERAL PROVISIONS GOVERNING
DISCOVERY DUTY OF DISCLOSURE
--------------------------

(1)  A COPY OF , OR A DESCRIPTION BY CATEGORY  AND LOCATION
OF , ALL DOCUMENTS, DATA COMPILATION, SAN TAGIBLE THINGS IN THE
POSSESSION , CUSTODY, OR CONTROL OF THE PARTY THAT  ARE RELEVANT
TO DISPUTED FACTS ALLEGED WITH PARTICULARITY IN THE  PLEADINGS ;

(2) DISCLOSURE OF EXPERT TESTIMONY PURSUANT TO RULE 702 &
703 OF THE FEDERAL RULE OF EVIDENCE .   ALSO 705 . DISCLOSURE OF
FACTS OR DATA UNDERLYING EXPERT OPINION . THE EXPERT MAY IN ANY
EVENT BE REQUIRED TO DISCLOSE THE UNDERLYING FACTS OR DATA ON CROSS-
EXAMINATION .
(B) SUMMONS AND COMPLAINT , FILE UNDER JUDGE RUDY J. NICHKE, IN
CASE DOCKET 93 -453743 SUMMARY DISPOSITION BAINES V BINKLEY  THIS
STATEMENT CERNING SIGNING , OR JURISDICTION CALLED WAIVER OF ARRAIGNMENT.
THE STATEMENT OF ATTORNEY , DAIVID BINKLEY , I DID SIGN YOUR NAME
TO GET YOU OUT OF A HOLDING CELL .

WITNESS : COURT CLERK , RECORDER  IN JUDGE RUDY NICHIOALS COURT
JUDGE RUDY NICKELS , SIXTH JUDICIAL COURT 1200 N. telegarph
DEPT 404 .



UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT  OF MICHGAN

------------------------------------------

§RULE 16 DISCOVERY AND INSPECTION PLAN [F.R.CP. ]§

DEFENANT ATTORNEY OF RECORD DAVID A BINKLEY (P31643)

ADDREES  ATTORNEY , DAVID BINKLEY A, P31643

COX HODGMENT & GIAMARCO,,PC.

101 W. BIG BEAVER RD F. 10

TROY , MICHIGAN 48084

WE HEREBY COMMAND YOU THAT  ALL BUSINESS AND EXCUSES CEASING
YOU TO  APPEAR IN PROPER PERSON , BEFORE  THE DISTRICT
COURT  MAGISTRATE JUDGE  FOR THE UNITED STATES COURT HOUSE
, TO BE HELD IN AND FOR THE PLAINTIFF SAMUEL BANS , DISCOVERY
UNDER RULE 16 , IN THE COUNTY OF WAYNE ON ------------------AT------------
AM/PM. ) TO TESTIFY AND TO THE TRUTH OF SIGNING A WAIVER
OF ARRIGNMENT  BY MAIL , IN CASE 88-89719FH HABITUAL OFFENDER
ARRAIGNEDMENT . IN OAKLAND COUNTY CIRCUIT COURT ON ---------------
&  FILE DOCUMENT (S) OF ATTORNEY GRIEVANCE COMMISSION FILE
0427-93  AND TRANSCRIPT WITH STATEMENT MADE MY YOU CONERNING
FORGERY , IN DOCKET CASE 93-453743 JUDGE RUDY J. NICHOLS
COURT JUNE 16, 1993 SUMMARY DISPOSITION . THIS MATERIAL
IS BASIC OF ILLEGAL SENTENCE , AND LACK OF JURISDICATION
IN CASE 96-7813-01 ENHANCE FROM A DUE PROCESS VIOLATION
IN CASE 88-89719FH JUDGE DAVID BRECK .  WHEREFOR HE STAND
INDICTED AND THAT YOU BRING WITH YOU AND PRODUCED AT THE
TIME AFOREMENTIONED SPECIFIED ITEMS ABOVE . CONCERNING
THE PREMISE AND THAT YOU ARE NO TO OMMITED UNDER THE PENALTY
OF 50,000 DOLLAR SANCTION PURSUANT TO RULE 37 FRCP

------------------------------

SAMUEL BAINS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISRICTOF MICHIGAN SOUTHERN

DIVISION


SAMUEL BAINS , PETITIONER,


V                                              civil ACTION ....................


T.G. LPHILLIP , WARDEN.

............................./


## BREIF IN SUPPORT
.................

        PURSUANT TO RULE 26 FEDEERAL RULE OF CIVIL PROCEDURES
GENERAL ˙PROVISIONS GOVERNING  DISCOVERY ; DUTY OF DISCLOSURE.
(E) SUPPELEMENTATION OF DISCLOSURES AND RESPONSES . A PARTY
WHO HAS MADE A DISCLOSURE UNDER SUBDIVISON (A) IF THE PARTY
LEARNS THAT IN SOME MATERIAL RESPECT THE INFORMATION DISCLOSED
IS INCOMPLETE OR INCORRECT AND IF THE ADDITIONAL OR CORRECTIVE
INFROMATION HAS NOT  OTHERWISE BEEN MADE KNOWN TO THE OTHER
PARTIES DURING THE DISCOVERY PROCESS  OR IN WRITING . WITH
RESPECT TO TESTIMONY OF AN EXPERT FROM WHOM A REPORT IS
REQUIRED UNDER SUBDIVISION (A) (2) (B)  THE DUTY  EXTENDS
BOTH TO INFORMATION  CONTAINED  IN THE REPORT  AND TO INFORMATION
PROVIDED THROUGH  A DEPOSITION OF THE˙ EXPERT , AND ANY
ADDITIONS OR OTHER CHANGES TO THIS INFORMATION  SHALL BE
DISCLOSED BY THE TIME THE  PARTY'S DISCLOSURES UNDER RULE
26 (A) (3) ARE DUE.


(1)



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHGAN
SOUTHERN DIVISONN


SAMUELBBAINS  PETITIONER,


V


TYG PHILLIP,WAEDEN, RESPONDENT.
_____/


STATEMENTOF OF FACT
_____


DISCUSSION


        THE PROVISIONS OF THE ANTITERRORISM AND EFFECTIVE
DEATH PENALTY ACT OF 1996 ("AEDPA") PUB. L.  NO. 104
-132 , 110 STAT. 1214 ( APR;24,1996 ), GOVERN THIS CASE
BECAUSE PETITIONER FILED HIS HABEAS CORPUS AFTER THE
AEDPA'S EFFECTIVE DATE. SEE LINDN V. MURPHY , 521 U.S.
320 , 336 , 117 S.CT. 2059 , 138:1 . ED 2d 481 ( §1997)
AN APPLICATION FOR A WRIT OF HABEAS CORPUS ON BEHALF
OF  A PERSON IN CUSTODY PURSUANT TO THE JUDGMENT  OF
A  STATE COURT SHALL NOT BE GRANTED WITH RESPECT TO ANY
CLAIMS THAT WAS ADJUDICATED ON THE MERITS IN STATE COURT
PROCEEDING ()S (()) UNLESS THE ADJUDICATION OF THE CLAIM-
(1) WAS CONTRARY TO ..CLEARLY ESTABLISHED FEDERAL LAW
, AS DETERMINED THE BY SUPREME COURT OF  THE UNITED STATES
OR (2) INVOLVED AN UNREASONABLE APPLICAITON OF ..CLEARLY
ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE SUPREME
COURIT OF THE  UNITED STATES. (3)(UNREASONABLE MEANS
DEVOID OF RECORD SUPPORT OR OFFENSIVE TO EXISTING PRECEDENT"
OR  ARBITRARY  TO THE POINT OF BEING OUTSIDE THE UNIVERSE
OF PLAUSIBLE CREDIBLE OUTCOME )

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SAMUEL BAINS , PETITIONER

CIVIL ACTION #. . . . . . . . . . . . .

V

T.G. PHILIPS   , EARDIN RESPONDENT
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ./

BRIEF IN SUPPORT .
. . . . . . . FOR WRIT OF HABEAS CORPUS . . . . . . . .


THE FEDERAL JUDGE IDENTIFIED THE MITIGATING EVIDENCE THAT
COUNSEL HAD FAILED TO INTRODUCE AND REJECTED THE ARGUMENT THAT
SUCH FAILUE   TO  FILE ON APPEAL THE ATTORNEY . BREACH OF PLEA
AGREEMENT , CAUSE PREJUDICE . WHEN DAVID BINKLEY PROMISE ARRAIGNMENT
BY MAIL , AND TREATMENT IN DRUG PROGRAM CALLED RAP. HE BREACH
A AGREEMENT WITH PROSECUTOR OFFICE . WHEN HE SIGH MY NAME WITHOUT
BY PRESENCE OR SIGNATURE . THE STATE'S BREACH OF AGREEMENT CONCERING
SENTENCE RECOMMENDATION  ON A GUILTY  PLEA WAS INADVERTENT  DID
NOT LESSEN ITS IMPACT . WHEN STATE FAILDED  TO KEEP A COMMITMENT
CONCERING  SENTENCE RECOMMENDATION ON A GUILTY PLEA , THE UNITED
STATES SUPREME COURTS TO DECIDE WHETHER CIRCUMSTANCE OF CASE
REQUIRES ONLY THAT THERE BE SPECIFIC PERFORMANCE OF THE AGREEMENT
ON THE GUILTY PLEA , OR WHETHER CIRCUMSTANES REQUIRED THAT PETITIONER
BE GRANTED OPPOTYUNITY  TO WITHDRAW PLEA .

UNITED STATES DISTRICT COURT


SENTENCE ANOTHER TIME  FOR THE SAME SENTENCE , WITHOUT A HEARING

AND WITHOUT ARRAIGNMENT BY MAIL AND I DID NOT SIGN FOR  WAVIER

THE PROSECUTOR PROMISE WAS UNKEPT SEE SANTOBELLO V NEWW YORK

CITE AS 92 S.CT. 495 . . this issue  WAS FILE ALSO IN UNITED

STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT  UNDER DOCKET 00-

2369 ,FILED FEB . 09,2001 ACCORDINGLY IT IS ORDERED THT THE APPEAL

IS DISMISSED FOR LACK OF JURISDICTION  . THE FEDERAL JUDGE HONORABLE

JOSEPH M. HOOD , UNITED STATES DISTRICT JUDGE FOR THE EASTERN

DISTRICT OF KENTUCKY SITTING BY DESIGNATION . MY STATEMENT THAT

I SHOULD BE ABLE TO APPEAL THE MATTER OF THE FIRE , AT G MENNEN

WILLIAM BUILDING CONCERNING  THIS CLAIM. THAT WAS OMITTED IN

THE  ORIGINAL FILING OF  CIVIL NO 98 -40240 FL HONORABLE PAUL

V GADOLA UNITED STATES DISTRICT JUDGE ,PAGE 5 III ORDER IT IS

FURTHER ORDERED THAT PETITIONER'S MOTION TO AMEND AND ATTACH

EXHIBITS IS GRANTED . THIS WAS THE ISSUE AS I SETFORTH NOW ,

CONCERNING PROMISE ARRAIGNMENT BY MAIL AN  UNKEP T PLEA .THAT

ARE NOT SETFORTH IN §2254 BUT WAS OMMITTED  IN ERROR SEE ATTACHMENT

OF EXHIBT AND NEWLY DISCOVERY OF EVIDENCE . FROM THE UNITED STATES

SUPREME COURT , ON JANURARY 10,2002 ALSO MARCH 28 , 2002 WHEN

RICHARD M. LYNCH CHIEF COURT OPERATIONS MAIL NEWLY DISCOVERY

OF EVIDENCE OF EXHAUSTED CLAIM OF ARRAIGNMENT BY MAIL & FRAUNDENTLY

SIGNING , WAVIER OF ARRAIGNMET MY ATTORNEY FILE A RECORD OF ARRAIGNMEWT

WITHOUT MY KNOWLEDGE . ON A UNKEPT PROMISE OF TREATMENT ,SEE

FAY V NOIA 83 S.CT. 822   102 S.Ct 1198 RoSe V Lundy +

NOWACZYK V. WARdEN        PAGE TWO .

299 F3d 69 (CtA1 2002)

                                        MR.

                          MR SAMUEL BAINS


SAMUEL BAINS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT   MICHIGAN


SAMUEL BAINS , PETITIONER ,


T.G. PHILLILS , WARDIN , RESPONDENT,ET. AL

_____/


PROOF OF SERVICE

STATE OF MICHIGAN)

)ss

COUNTY OF JACKSON)

THE UNDERSIGNED CERTIFIES THAT ON THE DATE SET  FORTH
BELOW PETITIONER PRO PER. SERVED A COPY OF THE FOLLOWING  PAPERS
UPON RESPONDENT , IN THE ABOVE ACTION  BY MAILING  A COPY BY
FIRST CLASS MAIL AS FOLOWING :


1. newLY DISCOVERY OF EVIDENCE ,EXHIBT SUPREME COURT .

2. PETITION UNDER 28 USC§2254 FOR WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY .

3. STATEMENT OF FACT ,BRIEF IN SUPPORT

4. ORDER UNITED STATES COURT OF APPEALS

5.

6.

[ I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS

TRUE AND CORRECT TO THE BEST OF KNOWLEDGE & WISDOM]


SAMUEL BAINS

EXHIBIT A

## united state district court

easter  district of micohigan
southern division

SAMUEL BAINES 134408
            PETITIONER,

V.                                          CIVIL NO . 98.CV-40240-FL

                                      HONORABLE PAUL V GADOLA
MARTIN MEKEL,    RESPONDENT,        /


MOTION TO AMEND                         EXHIBIT A OF A
ANNEXION EXHIBIT


PURSUANT TO RULE IS AMENDED AND SUPPLEMENTAL PLEAD.
(B) AMENDMENTS TO CONFORM TO THE EVIDENCE.
(B) EVIDENCE THUS : SEE ATTACHMENT OF ANNEX EXHIBITS AS LISTED AS
FOLLOWS... ALSO HECK V HUMPHREY ET .AL. 512 U.S. 477 ,129  L.ED. 2d
383


ANNEXED EXHIBIT

PURSUANT TO RULE 15 AMENDED AND SUPPLEMENTAL PLEAD.


(1) ATTORNEY GRIEVANCE COMMISSION , FILE 0437/93 AND DATE OF CASE
CLOSEDING APRIL ,3, 1995 . AS EXHIBIT (A) AND  A -ONE .

(2)  OPINION AND ORDER DENYING DEFENDANTS MOTION FOR POST JUDEMENT
RELIEF ,. DATE SEP. 29 , 1997 HON . DAVID BRECK CIRCUIT COURT JUDGE,AS
LISTED EXHIBIT B AND EXHIBIT B 1 .
(3) DEPARTMENT OF STATE POLICD , DOCUMENT OF ILLEGAL DETENTION JULY
6 ,1998 JULY . 1998 AND 8 , AS EXHIBIT (C) AND C ONE ) JULY 6,1998
ILLEGAL .

(4) SUBPOENA DUCES TECUM REQUEST FOR PRODUCTION OF DOCUMENTS.DATE
JUNE 24,1998 . PRAECIPE FOR MOTION AND MISCELLANEOUS DOCKET. DATE
: FOR WAIVER OF FEES AND COSTS JUNE 34,1998 HEARING


NOTARY SEAL:_____

SUBSCRIBED AND SWORN BEFORE ME, : 8-30-99

NOTARY PUBLIC THIS 30th DAY ___ DAY OF JULY    1998.
                                 August 1999   Nola M Fettig

NOLA M. FETTIG
Notary Public, Washtenaw County, MI
My Commission Expires Jan. 19, 2001
Acting in Lenawee County, MI

MAIL TO ASS-US Attorney
12-21-98

A **EXHIBIT** A OF 87 BAIL (SLAM)

98 Lacks Jurisdiction trial transcript
Plea- Baginng

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District EASTERN |  |
|---|---|---|
| Name SAMUEL BAINES | Prisoner No. 134408 | Case No. |

Place of Confinement

Riverside Correctional Facility
777 West Riverside Dr.
Ionia, Mich 48846

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Samuel Baines #134408 | v.    Stanley Adams, Warden |

The Attorney General of the State of:    Michigan

## PETITION

1. Name and location of court which entered the judgment of conviction under attack    Oakland County
   Circuit Court, 1200 No. Telegraph Rd., Pontiac, Mich 48341-0404

2. Date of judgment of conviction    9-24-96

3. Length of sentence    3 to 15 Years

4. Nature of offense involved (all counts)    Retail Fraud and Fourth Habtual

RETAIL FRD 1 750.356c  o3 to 15  OFFENSE DATE FOR GUILTY PLEA 9/24/98
AND FOURTH DEGREE WITH THE ENHANCEMENT OF  96-8713-01 IN OBRIEN COURT

RECORD COURT.

5. What was your plea? (Check one)
   (a) Not guilty    ☐
   (b) Guilty    ☒
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    ☐
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _____ Michigan Court Of Appeals _____

(b) Result _____ Conviction Affirmed _____

(c) Date of result and citation, if known _____

(d) Grounds raised _____ Same as herein _____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

    (1) Name of court _____ Michigan Supreme Court _____

    (2) Result _____ Leave to appeal Denied _____

    (3) Date of result and citation, if known _____

    (4) Grounds raised _____ Same as herein _____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

    (1) Name of court _____

    (2) Result _____

    (3) Date of result and citation, if known _____

    (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

   (1) Name of court   THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
OFMICH (2) Nature of proceeding   OPINION AND  ORDER DENYING DEFENDANT MOTION FOR
RELIEF OF JUDGEMENT RULE 6.500

   (3) Grounds raised   SAME AS IN 2254 , PETITON UNDER 28.

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☒   No ☐
(2) Second petition, etc.     Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you be barred from presenting additional grounds at a later date.

(4)

241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.  ꝟ ꝓ꜔ on pμꝏ 6

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Petitioner's Conviction was obtained in violation

of U.S Const Fourteenth Amendment Due Process Clause

Supporting FACTS (state *briefly* without citing cases or law) Petitioner was never

Arraigned on prior conviction of 88-89719-FH used to Supplement/Enhance

predicate conviction of Retail Fraud in Oakland County Circuit Case

No. 96-8713-01 BEING ENHACED TO 88-89719 FH IN JUDGE O BRIEN COURT

RECORD COURT OF THE CITY OF DETROIT.

B. Ground two: Petitioner was denied Due Process Of Law in violation of U.S. Const

in violation of Fourteenth Amendment.

Supporting FACTS (state *briefly* without citing cases or law): Petitioner was denied jail

credit time of 277days spent while incarcerated prior to final judgement

and sentence to R.A.P. program where later termination of program re-

sulted in imprisonment. BEING NEVER ARRAIGNED IN CIRCUIT COURT FOR

FOR REASON OF ATTORNEY FORGERY OF MY SINGTURE AT ARRINGMENT ON INFOR,

MATION IN OAKLAND , ATTORNEY DAVID A. BINKLEY, 0437/93.

Attorney Given on Amend

(5)

AO 241 (Rev. 5/85)

C. Ground three:   Petitioner was denied the effective assistance of
of Counsel in violation of the Sixth and Fourteenth Amendment of U.S.
Constitution

Supporting FACTS (state *briefly* without citing cases or law): ATTORNEY GRIEVANCE COM
FILE 0437-93  (313)338-9960.DAVID BINKLEY P-31643 ACTING AS AN OFFICER
OF THE COURT , DID FORGE, OR FRAUDENTLY SIGNED BY SIGNATURE WITHOUT
MY PERMISSION. Trial and Appellate attorney failed to object or raise the

within enunciated issues but for which petitioner would have had a

probable different result ni the outcome.


D. Ground four   Petitioner was denied his liberty without Due Process and
his fifth amendment rights against Double Jeopardy was violated

Supporting FACTS (state *briefly* without citing cases or law): 9·26·89   Petitioner was sentence
twice for the same crime where on 1/19/89 petitioner was sentence to
1yr suspended to R.A.P. program, afterward, Petitioner    was    sentence
once again for the same crime to from 1-15 yrs imprisonment as fourth
habitual in 10/89 related to conviction for retail fraud. THENCE : YOU CAN
T USE A TREATMENT PROGRAM FOR THE ENHANCEMENT UNDER MENTAL HEATLH
CODE. THUS :A CASE WAS VIOLATION OF MY DUE PROCESS RIGHTS WITHOUT
ARRIGNMENT IN CIRCUIT COURT OF OAKLAND COURT FOR REASON OF FORGERY.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly*
what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:
(a) At preliminary hearing   TERRY PRICE , PUBLIC DEFENCER _____

_____

(b) At arraignment and plea _____

_____

(6)

O 241 (Rev. 5/85)

(c) At trial _____

(d) At sentencing MELINDA CAMERON 26085  W. SIX MILE (313)534-8939

(e) On appeal DANA BRUCE CARRON , 65 CADILLAC SQUARE , SUITE 2200
DETROIT , MICH 48226-2888

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____ PRO-PA
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

_____
Signature of Petitioner

(7)

UNITED STATE DISTRICT COURT
FOR THE   EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION


SAMUEL BAINS, PETITIONER,


V


T.G. PHILLIP WARDEN,

- - - - - - - - - - - - - - - - - - - - - -
SAMUEL BAINS 134408
(JCS) CORRECTIONAL FACILITY
COOPER STREET CORRECTIONAL
3100 COOPER STREET
JACKSON , MI 49201


PETITIONER'S APPENDIX


DATE: JANURARY , 2003

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN

DIVISION

SAMUEL BAINS , PETITIONER,

CIVIL #--------------------

V                                        JUDICIAL OFFICER

T.G. PHILLIP WARDEN,

-------------------------/

CONTENT-OF-APPENDIX-

EXHIBIT          A , MOTION FOR EVIDENTIARY  HEARING ,NEWLY DISCOVERY
                 OF EVIDENCE ,RULE 26 g(2) A,C 18 U.S.C. 3006
                 EXHAUST CLAIM ,OF HONORABLE PAUL V .DADOLA IN
                 CASE 98 CV-40240 ANNEX ,EXHIBIT -MOTION
                 GRANTED EXHIBIT A OF (A) UNDER RULE 26 (G) 2
                 NOWACZYKV V WARDEN NEW NAMPSHIRE STATE PRISON
                 299 F. 3d 69 ( MISTAKE ) FILE PETITIONER UNDER
                 §28 U.S.C. 2254 PAGE 5,B COERCED CONFESSING
                 WITH UNKEPT PLEA BASIC OF BREACH OF CONTRACT
                 OF PLEA AGREEMENT ...

EXHIBIT          A CONT...

UNITED STATE SENATE ,                              PAGE ONE

EXHIBIT          B .                               PAGE TWO

NOTICE OF FILING PARTIAL RULE 5 , MATERIAL DISTROYED IN FIRE

EXHIBIT          C.

93 -453743 JUDE RUDY J. NICHOLS SUMMONS            PAGE THREE

EXHIBIT          D

SIXTH CIRCUIT OFFICE OF ADMINSTRATOR NEWLY DISCOVERYPAGE FOUR

EXHIBIT          E

AFFIDAVIT STATEMETN OF FACT CIVIL DOCKET 00.2369   PAGE FIVE

EXIBIT           F. BERIEF IN SUPPORT    00.2369   PAGE SIX

UNITED STATE COURT OF APPEALS FOR THE SIXTH CIRCUITPAGE (7)

                 00.2369       MANDATE .

DEBBIE STABENOW
MICHIGAN

COMMITTEES:
AGRICULTURE, NUTRITION, AND FORESTRY
BANKING, HOUSING, AND URBAN AFFAIRS
BUDGET
SPECIAL COMMITTEE ON AGING

# United States Senate

WASHINGTON, DC 20510–2204

EXHIBIT B

June 5, 2002

Samuel Baines #134408
Pugsley Correctional Facility
7401 Walton Road
Kingsley, Michigan  49649

Thank you . . .

. . . for contacting me regarding the Michigan Department of Corrections.  I appreciate you taking the time to share your concerns with me.

Since the issue you raise is under the jurisdiction of the Michigan State Legislature, I have forwarded your letter to the Michigan Legislative Corrections Ombudsman.  This office was established to serve as a liaison between the public and the Michigan Department of Corrections.

Thank you again for contacting me.  If you have questions or need further assistance on this issue, please contact your State Senator from your home district.

Sincerely,

Debbie Stabenow
United States Senator

DS:sps
cc: Michigan Legislative Corrections Ombudsman

PLEA AND ARRAINGMENT                                SENATE BILL 536

                                                   Exhibit B

THIS IS CONCERNIG THE HOUSE BILL OR SENATE BILL 536 UNANIMOUSLY PASSED THE
SENTATE ON DECEMEBER 10,1997 . THIS BILL WOULD ALLOW FOR BAIL HEARING AND
ARRAINMENTS BY TELEPHONE OR IF AN INDIVIDUAL IS INCARCERATED OUTSLDE THE JURISDICTION,
ARRAINGMENT BY MAIL OR DOCUMENT FILED WITH THE COURT . IN ALL INSTANCES, THE
DEFENAIN MUST  BY PERSONALLY PRESENT UPON REQUEST. THEPORTION  OF THIS BILL
 THAT ALLOWED FOR PLEAS BY TELEPHONE WAS ELIMINATED , THANKS TO TESTIMONY
BY SADO MARTY TIEDER. .
this COMPLAINI is  A MATTER OF RECORD THAT ARE ON FiLE AT THE OAKLAND COUNTY
COURT HOUSE . THE SENTENCE OF JUDGE BRECK , THIS
IS A iLLEGAL SENTENCE BASE ON THE FACT THiER WAS NO SENATE BILL PASS AT THe
TiME OF SENTENCE . THAT iS iN THE YEAR 1988 , i HAVE BEEN SERVING TiME iLLEGAL
, FOR THE FACT OF THE MATTER I WAS NEVER UNDER THE JURiSDACTION OF THE COURT
iN OAKLAND . THuS I FiLE  THiS COMPLAiNT  THE SENATE .
CONCERNIONG THE SENTENCE OF 88-89719 FH OF JUDGE DAViD BRECK . THE COURT RULE
2.507 CONDUCT OF TRiAL SECTiON (H) ? AGREEMENT TO BE IN WRiTING . SANTOBELLO
V NEW YORK 404 US 257 , 260 92 SC.T. 495 , 498 , 30 L.Ed. 2d 427 . PLEA BARGAINING
 TO AVOiD A COERCIVE EFFECT ON THE DEFENDANT & LOSS OF PUBLiC CONFiDENCE IN
THE  JUDiCiAL SYSTEM VOLUNTARINESS OF THE WAiVER . iS A MUST THENCE I WAS
DENIED A WAIVER OF ARRIGNMENT AND PROMISE TREATMENT IN  A PROGRAM CALL RAp
. SENTENCE AGREEMENT AND RESENTENCE TO A LONGER TERM OF 1 to 15 WITHOUT THE
ARRaigMENT OF iNFORMATION THE SENATE  BiLL 536. STATE THAT THEiR iS A ARARRAiMENT
BY Mii. i WAS PROMiSE TREATMENT AND PROMiSE ARRAiNGMENT BY MAiL BUT I DiDNiT
RECiVE THE ARRiAiGNMENT AT ALL . THE ATTORNEY DiD SiGN BY NAME WiTHOUT MY
KNOLWEDLGE OR PERMiSSiON . THUS: THE CASE iS iLLEGAL iN  NATURE . "THE ATTORNEY
COMMMiSSiSION DiD , WARN THE ATTORNEY DAViD BLiNKLEY AND STATE TO USE MY CANDOR
IN THE FUTURE . THUS i WAS NEVER ARRiaignment on the information .
the court is without jurdication . see attachment of evidence i have file
this complaint with the supreme court adminstration they take on action in
this matter . i am unable with the skill in law to file this case , and i
did try with the knowledge of the issue . but i did not prevail . so i file
 tis complaint with the senate . see exhitbt from the FBi AND OTHER STATE
REPRESENTive
office . i still need your help as statement make from the senate letter that
you should help with the assistance i need that is a attorney . under the
code of us 18 USC 3006 i do need expert help from your office . i need further
assistnce on this issue please of house bill 536 i was sentence on 12 -88
& 89 OCT . WiTH a arrainment by mail and forgery of signature on promise to
get treatment at call rap . violaiton of senate bill 536  THEIR ARE at less
a 1000people sentence by arraignment by mial in oakland county . in 1989 -
88-87 CHECK FiLE OF COURT


[i declare under the penalty of perjury the foregoing is true
                         ]

SAMUEL BAINES 134408 3 c-12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL BAINES,

        Petitioner,

                                       *EXHIBIT C*

v                                  CIVIL DOCKET NO. 99CV-74594-DT
                                  HONORABLE PATRICK J. DUGGAN

FRANK ELO,

        Respondent.

_____/

<u>NOTICE OF FILING PARTIAL RULE 5 MATERIALS</u>

TO:   134408 Samual Baines
       Adrian Temporary Correctional FAcility
       2727 East Beecher Street
       Adrian, MI  49221

      PLEASE TAKE NOTICE that a copy of Petitioner's Partial Rule 5 Materials is being served upon the Clerk of the United States District Court for the Eastern District of Michigan, Southern Division, as set forth in the attached Index of Partial Record.  The state court records relating to Petitioner's conviction for which this petition is filed were destroyed in the February 15, 1999 fire at the G. Mennen Wiliams Building, Lansing, Michigan.  Attempts to recreate the file by obtaining copies from the Prosecutor's office have failed as their record is no longer available.

                             Respectfully submitted,

                             JENNIFER M. GRANHOLM
                             Attorney General

                             Vincent Leone (P24093)
                             Assistant Attorney General
                             Attorneys for Respondent

                               Habeas Corpus Division
                               120 North Washington Square
                               Lansing, Michigan

Dated: August 7, 2000                Telephone:  (517) 373-4875

PAGE TWO



STATE OF MICHIGAN                    SUMMONS AND COMPLAINT

JURISDICTION:

MEMORANDUM EXHIBIT D

1.  MC.R 6.104 arraignment on the Warrant or Complaint

    (A)  Arraignment without unnecessary delay.
         Appearance within the next 14 days.

    1 of 1 is a manifestation of violation, of law.  I have not
been or had arraignment of Complaint on canse number 88-
8971FH and was not present at the hearing.  .

    I was never under jurisdiction of the Circuit Court.
Violation of 14 day requirement of law, M.C.R. 6.104(E)
(2) and Complaint filed at or before the time of arraignment was
not done without the 14 day time limit of statue of limitation of
MCR 6.104

    (B)  In subrule (E) 2, was a violation of my rights.  I was
given 3 different dates for the arraignment.  I was not present
at any of my said arraignments nor did I sign for a Waiver of
Arraignment.  A manifest violation of Rule 6.104 for arraignment
of the Warrant and or Complaint

    2.  Violation of General Provisions, presence of Defendant Rule
43 (A) 2 of 2 c. Violation of the fourteenth amendment (A)
Presence is required.  The Defendant shall be present at the
arraignment at the time set by the Court (18 4208 William v
People of the state of New York, 337 U.S. 241 25C, 251 69 S.ct
1079, L.ED 1337 1949).

    The court said that the fourteenth amendment was not to be
treated "As a uniform command that courts throughout the nation
abandon their age old practice of seeking information from
outside of court sources to guide their judgement toward a more
enlightened and just sentence (see Hoover v United States
268,F.2d 787,790 CA. 1o, 1959).

    3.  NSA 28.445 (Forgery of records and other instruments venue)
Sev 248 (1) Any person who shall falsely make, alter, forge or
counterfeit any public record shall be in violation of law.  The
forgery of my signature for a waiver of arraignment by my

PAGE THREE



# The Circuit Court

### for the Sixth Judicial Circuit Court

## OFFICE OF THE COURT ADMINISTRATOR

**1200 N TELEGRAPH RD DEPT 404
PONTIAC MI 48341-0404**

EXHIBIT E

To: _Samuel Baines_____    Date: _8-15-01___   Case No.: _1988-089719-FH_

We have received your letter of _request____. The item(s) checked below apply to your case.

Enclosed is a copy of your Circuit Court File____ Docket____ Transcript(s)____

We need your Circuit Court case number to review your request.____

Your request for transcript(s)/file appears to be untimely. We can not comply with your request unless you show you are entitled to the information under the Michigan Court Rules.____

Our records reflect you were sent a complete copy of your transcript(s)/file. Under the Michigan Court Rules, you must prove why you should receive another copy.____

Please contact your attorney.____

The information you requested is not a part of the court file.____

Complying with your request would constitute legal advice. We are prohibited by law from providing legal advice.____

To obtain copies of your transcript(s)/file, you must state *specifically* why you need them. For further information, see the Michigan Court Rules.____

Please state *specifically* what type of post-conviction relief you are seeking.____

We do not provide pre-sentence information reports (PSI). After sentencing, copies of your PSI are sent directly to your prison file. You may ask prison officials or counselors for permission to review the PSI report located in your prison file. ✓

Prison Legal Services may be of some assistance to you. You may reach them at:
P.O. Box 828, Jackson, MI 49201.____

Other _As we have indicated to you on prior occasions, you have previously received your complete court file, a docket, and all transcripts that pertain to your case. We have enclosed copies of the proofs of mailings that reflect this. Our records reflect that your arraignment was done by mail; your Motion for Relief from Judgment was denied. We can be of no further assistance to you._

NO. 00-00-2369

UNITED STATES COURT OF APPEAL
FOR THE SIXTH CIRCUIT

SAMUEL BAINES, APPELLATE

BAINES V ELO
CASE No. CR-88-89719-FH

V

FRANK ELO, ET. AL, REPSONDENT

AFFIDAVIT
STATEMENT OF FACT

MCLA 768.36; code of criminal procedure section 5, plea in
general record support petitioner Samuel Baines has argument
that his guilty plea was an illusion because it was based upon
a promise that he would receive treatment in a RAP drug program
based upon a due process with regard to required findings of
a plea of guilty. Plea was induced by the unfulfilled promise
that the petitioner would recieve treatment for drugs and
alcoholic addiction. This means that the guilty plea of
88089719FH, enhanced by 96-7813-01, was involuntary because
it promised treatment as part of the sentencing requirements.
The RAP House Drug Facility is federaly funded. Judge D. Breck
sentenced and ordered prosecution to oversee the transfer.
He did facilitate the determination of qualified individuals
with disability; Mulley v Briggs 475 US 335 106 S.Ct. 1092,
89 L.Ed. 271 (1986). The Department of Corrections has a panel
that was set up by the legislature exclusively for the treatment
for drug or alcohol abuse in a community setting.

The title object provision of the Michigan Constitution,
because the statur embraces more than one object and the object
embraced in its title or the general title of the code of
criminal procedure. The guilty statur violates re-enactment
of the published provision of the Michigan Constitution because
the statur expressly awforded provision of mental health codes
without re-enacting and republishing that act; People v Mack

PAGE FIVE

(1981) 305 N.W.2d 264, 104 Mich. App. 560 Section 16 treatment
in general, a sentence to a community treatment in case
88-89719FH enhanced to 96-7813-01 is in very most
unconstitutional of ADA and due process.  Once the moving party
presents a prima facir showing that he is entitled to judgment
as a matter of law, the party opposing the affidavit or denial
in respose or pleading.  But must set forth specific facts
showing that genuine isses for trial exist.  Anderson 477 U.S.
256-57, 106 S.Ct. at 2514-2415.  Deliberate indifference of
MDOC raises the 8th amendement violation that would entitle
a petitioner the claim of deliberate indifference.

**I declare under penalty of perjury that the above is true and
correct to the best of my knowledge.**

Date: _____                          Samuel Baines

## OFFICIAL COURT OF APPEALS CAPTION FOR 00-2369

SAMUEL BAINES

        Petitioner - Appellant

  v.

FRANK ELO

        Respondent - Appellee

------------------------------------|

BRIEF IN SUPPORT

PURSUANT TO LAKIN V STINE 44F. SUPP.  2d 897 (1999) THE FACT
THAT DANA CARRON WAS NOT HAVING A MEANINGFUL  ATTORNEY  CLIENT
RELATIONSHIP . WITHOUT COMMUNICATION? THE  ATTORNEY CAN ONLY
POSTURE AS ONE . THE COMMUNICATION DERIVES AN ATTORNEY A
NECESSARY ELEMENT COMPOSING A LAWYER . REQUEST FOR  A NEW COUNSEL
AND LETTER TO THE APPEAL COURT WAS NOT ANSWER . THE EXACT LETTER
IS ATTACHMENT AS EXHIBTS . REQUEST FOR A NEW COUNSEL  CONCLUSIONS
MADE SUBSTANTIAL EFFORT PRIOR TO THE COMMENCEMENT OF APPEAL
BUT I DID NOT SECURE RESPONSIVE COUNSEL FOR  I DID TRY . I CALLED
SEVERAL TIMES BUT THE ATTORNEY WOULD NOT ACCEPT. I WROTE   LETTER
S THE ONLY ONE HE ANSWERED WAS FOR A NEW CLIENT. THIS IS THE
ONLY LETTER I  RECIEVE BEFORE THE APPEAL . I ASK FOR HELP AND
HE WOULD NOT GIVE EXPLAINT THE PURPOSE OF OR REASON WHY HE WOULD
NOT HELP .

| I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT "

        ------------------------
        SAMUEL BAINES

DATE:

             PAGE SIX

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No: 00-2369

Filed: March 19, 2001

SAMUEL BAINES

          Petitioner - Appellant

    v.

FRANK ELO

          Respondent - Appellee

MANDATE

    Pursuant to the court's disposition that was filed 2/9/01
the mandate for this case hereby issues today.

                                        A True Copy.

FRAP 39 COSTS: NONE            Attest:

Filing Fee ..........$
Printing ............$
          Total ........$                    Deputy Clerk

PAGE 7



3.19.99

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. DIST. COURT CLERK
EAST. DIST. MICH.

1999 MAR 19 A 10: 37

EXHIbit
A

SAMUEL BAINES,

    Petitioner,

v.

STANLEY ADAMS,

    Respondent.
_____/

Civil No. 98-40240-FL
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

## ORDER OF SUMMARY DISMISSAL

Samuel Baines, ("petitioner"), presently confined at the Riverside Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed pro se, petitioner challenges his conviction on one count of retail fraud, first-degree, M.C.L. 750.356c; M.S.A.28.588(3) and being a fourth felony habitual offender, M.C.L. 769.12; M.S.A. 28.1084. The State of Michigan has brought a motion to dismiss, claiming that petitioner has failed to exhaust his state court remedies. For the reasons stated below, the motion to dismiss is granted and the petition for writ of habeas corpus is dismissed without prejudice.

### I. Background  · CAPtion Introduction

Petitioner was convicted in the Detroit Recorder's Court of retail fraud, first-degree and of being a fourth felony habitual offender on January 22, 1997 before Judge John Patrick O'Brien. He was sentenced to three (3) to fifteen (15) years in prison. The

1

Michigan Court of Appeals denied leave to appeal on October 28, 1997.[1] The Michigan Supreme Court denied leave to appeal on May 28, 1998.[2] Respondent now urges this Court to dismiss the petition on the grounds that petitioner has presented a mixed petition containing both exhausted and unexhausted claims. Petitioner has failed to respond to the motion to dismiss or present any evidence to this Court that all of the claims in his petition have been exhausted with the Michigan state courts.

## II. Discussion

The petition for writ of habeas corpus must be dismissed without prejudice because the petition contains several claims which petitioner has failed to exhaust in the Michigan courts prior to the filing of this habeas petition in federal court.

A habeas petitioner must fairly present the substance of each federal constitutional claim in state court before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U.S.270,275-278;92 S.Ct. 509; 30 L.Ed. 2d 438 (1971). The requirement of exhaustion of state remedies as a prerequisite to habeas corpus review is designed to protect the state court's role in enforcement of federal law and to prevent disruption of state judicial proceedings by the federal courts. *Velez v. People of the State of New York*, 941 F. Supp. 300, 309 (E.D.N.Y. 1996)."A

---

[1] Michigan Court of Appeals Docket # 205188.

[2] Michigan Supreme Court Docket # 111168.

2

petitioner `fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); cert. denied, 509 U.S. 097, 113 S.Ct. 3001; 125 L. Ed. 2d 694 (1993). It is the petitioner's burden to prove exhaustion of state remedies. *Rust v. Zent*, 17 F.3d 155,160 (6th Cir. 1994).

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990);*Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). A habeas petitioner must normally present his or her claims to the state's highest appellate court to exhaust his or her state remedies. *Daniel v. Overton*, 845 F. Supp. 1170, 1173 (E.D. Mich. 1994).

In the present case, the petition for writ of habeas corpus must be dismissed because petitioner has failed to exhaust three out of the four claims in his petition with the state courts. A habeas petition containing both exhausted and unexhausted claims must be dismissed in its entirety. *Nasr v. Stegall*, 978 F. Supp. 714, 716 (E.D. Mich. 1997). If a habeas petition contains both exhausted and unexhausted claims, the general rule is to dismiss such mixed petitions so as to allow for the exhaustion of the

3

986 F 2d 1506
941 F Supp 300

unexhausted claims. *Barker v. Yukins*, 993 F. Supp. 592, 596 (E.D.
Mich. 1998).Petitioner must first exhaust these remaining claims in
the Michigan appellate courts before this Court can entertain his
petition for writ of habeas corpus.

Petitioner's method of exhausting these claims in the state
courts would be by means of filing a motion for relief from
judgment with the Detroit Recorder's Court under M.C.R. 6.501. A
defendant may request the appointment of counsel to assist with the
motion for relief from judgment and the trial court is required to
appoint counsel, if the court requires oral argument or an
evidentiary hearing. M.C.R. 6.505. A denial of a motion for relief
from judgment is reviewable by the Michigan Court of Appeals upon
the filing of an application for leave to appeal within one year
from the denial of the motion for relief from judgment. M.C.R.
6.509; M.C.R. 7.205(F). Any decision of the Michigan Court of
Appeals may be reviewed by filing an application for leave to
appeal with the Michigan Supreme Court. M.C.R. 7.302. A defendant's
criminal conviction is reviewable in accordance with M.C.R. 6.500.
*et. seq.* where the defendant fails to pursue an appeal by right or
when the time limitation for filing an application for leave to
appeal has expired. *People v. Caston*, 228 Mich. App. 291, 297-298;
579 N.W. 2d 368 (1998).

Because petitioner still has post-conviction remedies
available to him, he is unable to demonstrate that it would be
impossible or futile for him to exhaust his state court remedies.

4

Accordingly, this Court will dismiss the petition without prejudice to allow petitioner to exhaust the remaining issues in his petition with the Michigan state courts.

Although the issue is now moot, this Court will grant petitioner's motions to amend the petition and annex exhibits. With respect to petitioner's motion for reconsideration of this Court's Order Denying the Appointment of Counsel, this Court will deny the motion for reconsideration because petitioner merely presented the same issues in his motion for reconsideration as the ones presented in his original request for the appointment of counsel. A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates, P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). U.S. Dist.Ct. Rules, E.D. Mich. 7.1(h).

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that petitioner's motion to amend and attach exhibits is GRANTED.

It is further ORDERED that petitioner's motion for reconsideration on his motion for the appointment of counsel is DENIED.

HON. PAUL V. GADOLA
UNITED STATES DISTRICT COURT

3/18/99

5

DEBBIE STABENOW
MICHIGAN

COMMITTEE:
AGRICULTURE, NUTRITION, AND FORESTRY
BANKING, HOUSING, AND URBAN AFFAIRS
BUDGET
SPECIAL COMMITTEE ON AGING

# United States Senate

WASHINGTON, DC 20510-2204

June 5, 2002

Samuel Baines #134408
Pugsley Correctional Facility
7401 Walton Road
Kingsley, Michigan 49649

Thank you . . .

. . . for contacting me regarding the Michigan Department of Corrections. I appreciate you taking the time to share your concerns with me.

Since the issue you raise is under the jurisdiction of the Michigan State Legislature, I have forwarded your letter to the Michigan Legislative Corrections Ombudsman. This office was established to serve as a liaison between the public and the Michigan Department of Corrections.

Thank you again for contacting me. If you have questions or need further assistance on this issue, please contact your State Senator from your home district.

Sincerely,

Debbie Stabenow
United States Senator

DS:sps
cc: Michigan Legislative Corrections Ombudsman